IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RICHARD YOUNG,

    Plaintiff,

vs.                              No. 07-2327-JDB/tmp

TENNESSEE BOARD OF PROBATION
AND PAROLES, et al.,

    Defendants.

---

ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT
(DOCKET ENTRY # 10)
ORDER DENYING MOTION FOR UPDATED STATUS OF CASE AS MOOT
(DOCKET ENTRY # 12)
AND
ORDER REAFFIRMING APPEAL IS NOT TAKEN IN GOOD FAITH

---

On May 30, 2007, the Court entered its judgment dismissing Plaintiff Young's complaint in its entirety. On June 13, 2007, Young placed his first motion for relief from judgment under Fed. R. Civ. P. 60(b) in the mail.[1] The motion was received and filed by the Clerk on June 15, 2007. The Court denied the motion on July 10, 2007 as devoid of substantive merit or any reason justifying relief from the Court's judgment.

---

[1] Young's certificate of service stated that he forwarded a copy of the motion to the Court Clerk via first class mail. The envelope was not postmarked until June 13, 2007. Because the motion was not placed in the prison mail system within ten (10) days of the entry of the Court's judgment, the Court did not consider the pleading as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

On July 30, 2007, Young filed a second motion for relief from judgment contending that the delay by the prison mail room in forwarding the first Rule 60(b) motion to the Court violated his right of access to the court. Plaintiff's complaint had been reviewed and dismissed. Any delay by the prison mail room did not prevent the Court from considering the argument presented in Young's first Rule 60(b) motion. Furthermore, whether presented in a Rule 59(e) or Rule 60(b) motion, his argument was devoid of substantive merit.

To the extent Young has any viable court access claim, it is unrelated to his original contention that he was denied parole. Plaintiff must exhaust his administrative remedies on his court access claim and file a new and separate lawsuit.

Federal Rule Civ. P. 60(b) states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . (6) any other reason justifying relief from the operation of the judgment. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Plaintiff's second motion appears to be brought under Rule 60(b)(6). This motion adds no facts or argument that would cause the Court to reconsider its sua sponte dismissal of his complaint under Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S.

1, 7 (1979), Seagroves v. Tennessee Bd. of Probation & Parole, 86 F. Appx. 45, 48 (6th Cir. 2003), and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's Rule 60(b) motion is devoid of substantive merit or any reason justifying relief from the Court's judgment and is DENIED.

On February 13, 2008, Young filed a motion for updated status of case. Plaintiff was assessed a filing fee in accordance with the Prison Litigation Reform Act, his motion for appointed counsel was denied, and his complaint was dismissed by order entered May 29, 2007. No counsel is to be appointed or evidentiary hearing will be held where claims have been dismissed. The motion for updated status is DENIED as moot due to the dismissal of Plaintiff's case and the denial of his motions for relief from judgment.

The Court repeats its previous certification, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 5th day of March, 2008.

                                       s/ J. DANIEL BREEN
                                       UNITED STATES DISTRICT JUDGE